**Clifford S. Davidson, OSB No. 125378**
cdavidson@sussmanshank.com
**Susan S. Ford, OSB No. 842203**
sford@sussmanshank.com
**Thomas W. Stilley, OSB No. 883167**
tstilley@sussmanshank.com
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR 97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130
Attorneys for Plaintiff DePaul Industries

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **DEPAUL INDUSTRIES**, an Oregon non-profit corporation, | Case No. 6:18-cv-320-MC |
| Plaintiff, | RESPONSE, AND OBJECTION, TO DEFENDANTS' MOTION FOR "EXTENSION OF TIME TO PRODUCE CERTAIN DOCUMENTS" |
| v. | |
| **CITY OF EUGENE**, a municipal corporation, **JOHN RUIZ**, in his official capacity as the City Manager of the City of Eugene; **BENJAMIN MILLER**, personally and in his official capacity as Assistant City Attorney for the City of Eugene; **LAVENA NOHRENBERG**, in her official capacity as Customer Experience Manager of the City of Eugene Public Library; **CLAYTON STILWELL**, in his official capacity as Purchasing Analyst for the Finance Department of the City of Eugene; and **DOES 1-9**, unknown individuals acting under color of law, | |
| Defendants. | |

AND RELATED COUNTERCLAIM

## COUNTER-STATEMENT RE LR 7-1 CERTIFICATION; OBJECTION

Defendants' counsel did confer with Plaintiff's counsel to request an extension of time to comply with the Court's order of October 17, 2018 (ECF No. 35). Plaintiff did state that Plaintiff opposes that request. However, at no point during the conferrals on October 19 and 22 did Defendants say that they intended to file a motion for reconsideration. Rather, counsel stated on October 19 that Defendants planned to file a motion asking the Court to clarify the standard it applied to analyzing the crime-fraud exception. On October 22, counsel stated that Defendants intended to file a motion under seal, accompanied by a publicly-filed redacted version, in which Defendants intended to discuss specific documents that Defendants believe are privileged. Plaintiff stated that it would oppose those motions, as well as a motion to file under seal.

Plaintiff objects to the request for extension of time on the basis that conferral was somewhat meaningless, given that (1) Defendants did not identify the motion they now have announced they are filing, and (2) Defendants did not tell Plaintiff anything substantive about the arguments Defendants intends to raise in the motion that will be under seal an unavailable to Plaintiff.

Plaintiff in no way impugns the good faith of counsel, who have acted professionally at every juncture.

## RESPONSE

The Court should deny the motion for extension of time, which actually is a motion to change a Court-imposed deadline or to stay the Court's October 13 order. The motion does not comply with Civ. LR 16-3, which requires:

### LR 16-3 Motions to Change or Extend Court-Imposed Deadlines
#### (a) Motions
Unless provided by LR 16-2(b), objections to any court-imposed deadline must be raised by motion and must:
(1) Show good cause why the deadlines should be modified.
(2) Show effective prior use of time.
(3) Recommend a new date for the deadline in question.
(4) Show the impact of the proposed extension on other existing deadlines, settings, or schedules.

Page 2 – RESPONSE TO DEFENDANTS' MOTION TO DELAY PRODUCTION

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

As the order required production within seven business days, provided it is a court-imposed deadline; LR 16-3 applies. Defendants' motion fails under that rule's elements. Defendants have waited until two business days prior to the production deadline, and a full week after the Court's order, to bring this motion. This is not "effective prior use of time." LR 16-3(2). Defendants also have not shown the impact of the proposed extension on other existing deadlines, settings, or schedules. LR 16-3(4). The potential impact is significant. Both sides are awaiting production of the documents to know what the scope of depositions and permissible discovery will be. With respect to the discovery completion date, the Court already split the difference between the parties in the Court's scheduling order (ECF No. 33), providing Plaintiff 1.5 months less discovery time than requested. Given that Defendants have requested an open-ended stay of production until the Court decides Defendants' motion, factor (4) is important, omitted from the motion, and strongly disfavors a stay of this Court's October 13 order.

Even if the Court determines that LR 16-3 does not apply, it should, applying its own authority under Rules 1 and 16, deny the motion for lack of diligence. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (noting that diligence is the primary factor in determining whether there is good cause to change a court-ordered deadline).

The Court also should deny the motion to stay the order because the underlying motion for reconsideration is unlikely to succeed. Both Plaintiff and Defendants briefed the issue of the crime-fraud exception in relation to the *in camera* inspection motion. (ECF No. 26 at 8-9; ECF No. 29 at 9-10.) In its reconsideration motion, Defendants likely will urge the Court to consider further argument concerning the standard to apply in deciding whether materials are subject to the crime-fraud exception. Defendants had the opportunity to brief to the Court the appropriate standard to apply in the event the motion for *in camera* inspection was granted—precisely what Plaintiff did. (*See* ECF No. 26 at 9 (describing what the Court should do "[i]f the court conducts an *in camera* review").) The fact that Defendants appear to have presumed that the *in camera* inspection motion would be denied does not excuse their failure to include whatever briefing

Page 3 – RESPONSE TO DEFENDANTS' MOTION TO DELAY PRODUCTION

they believed appropriate. And, of course, Defendants could have requested leave to submit briefing—to which Plaintiff could have responded—along with the documents they lodged with the Court for *in camera* inspection.

Motions for reconsideration are disfavored, cannot present new arguments or evidence that could have been raised earlier, and cannot ask the Court to "rethink matters already decided." *Adidas America, Inc. v. Payless Shoesource, Inc.*, 540 F. Supp. 2d 1176, 1179, 1184 (D. Or. 2008) (citing *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id.* at 1179 (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Given the opportunities that Defendants have had to brief the relevant issues, and therefore the unlikelihood that Defendants' motion will succeed when filed, the Court should decline to stay its October 13 order.

By  s/Clifford S. Davidson
    Susan S. Ford, OSB No. 842203
    Thomas W. Stilley, OSB No. 883167
    Clifford S. Davidson, OSB No. 125378

    Attorneys for Plaintiff DePaul Industries

Page 4 – RESPONSE TO DEFENDANTS' MOTION TO DELAY PRODUCTION

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130