IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

DEPAUL INDUSTRIES,

    Plaintiff,

v.

CITY OF EUGENE,

    Defendants.

_____

Civ. No. 6:18-cv-00320-MC

ORDER

MCSHANE, Judge:

Plaintiff DePaul Industries has asked this Court to order an *in camera* review of certain documents that they argue are subject to the crime-fraud exception to the attorney-client privilege. For the reasons set forth below, the Court finds that PRIV_000059 and part of PRIV_000053 are subject to the crime-fraud exception and must be produced to Plaintiff.

## **BACKGROUND**

A detailed background of the facts of this case is set forth in this Court's previous Opinion and Order on Motion to Dismiss. ECF No. 28. For the purposes of the instant *in camera* inspection, the relevant history is as follows. Plaintiff has twice before moved for *in camera* review. *See* ECF Nos. 26 and 48. This Court granted in part and denied in part Plaintiff's first Motion and ultimately found that certain documents were not privileged and others were subject to the crime-fraud exception. ECF Nos. 31 and 35. Defendant City of Eugene subsequently filed a Motion for Reconsideration, which this Court denied. ECF Nos. 37 and 40. This Court granted

1 – OPINION AND ORDER

Plaintiff's second Motion and found that one document was not subject to the attorney-client privilege. ECF Nos. 48, 54, and 59.

Plaintiff requested a third *in camera* review in an email dated June 7, 2019. The documents in question are an email chain titled "Cosby v. The City of Eugene" and are listed as PRIV_000022-23 and PRIV_000050-69 on Defendant the City of Eugene's November 21, 2017 privilege log. This Court previously denied Plaintiff's first motion with respect to these documents because they appeared to contain attorney-client communications regarding another lawsuit. ECF No. 31. In light of information revealed in the course of previous inspections and the arguments set forth in Plaintiff's June 7 email, this Court granted Plaintiff's request and ordered Defendant to file a sealed brief addressing whether the documents are subject to the crime-fraud exception. ECF Nos. 82 and 83.

## **DISCUSSION**

ORS 279.850 mandates that local governments and agencies contract with QRFs that provide certain services before considering a for-profit entity. Plaintiff is a "Qualified Non-Profit Agency for Individuals with disabilities" ("QRF") as defined by ORS 279.835(5). Defendant did not renew its contracts for unarmed security services with Plaintiff in May 2016. Plaintiff alleges that Defendants used a supposed need for armed security services as a pretext to exclude Plaintiff from the bidding process in retaliation for its employee Mark Cosby's conduct and its subsequent refusal to indemnify Defendant in Mr. Cosby's lawsuit against it. Plaintiff also alleges that the parking garages it provided services for were not included Defendant's request for proposals ("RFP")—which covered the Hult Center, the Library, and their parking facilities—but were grafted into the resulting contract later. *See* Pl.'s Resp. to Motion to Dismiss 25, ECF No. 14; Stilwell Decl. ¶ 3, Ex. 1 at 2, 12, 14, ECF No. 11-1. Therefore, Plaintiff was unqualified to bid

for the Hult Center, Library, and related parking services contracts and unaware that it needed to bid for the other parking facilities contracts. Pl.'s Resp. to Motion to Dismiss 25. Plaintiff now argues that the emails in question are subject to the crime-fraud exception to the attorney-client privilege because Defendant's unlawful plot to deprive Plaintiff of its pending contracts originated in the email chain.

"The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *U.S. v. Richey,* 632 F.3d 559, 566 (9th Cir. 2011) (citation omitted). "The protection afforded by the attorney-client privilege does not extend to any communication 'in furtherance of intended, or present, continuing illegality.'" *In re Grand Jury Proceedings*, 87 F.3d 377, 381 (9th Cir. 1996) (quoting *U.S. v. Hodge & Zweig,* 548 F.2d 1347, 1354 (9th Cir. 1977)). "The test for invoking the crime-fraud exception to the attorney-client privilege is whether there is 'reasonable cause to believe that the attorney's services were utilized in furtherance of the ongoing unlawful scheme.'" *U.S. v. Bauer*, 132 F.3d 504, 509 (9th Cir. 1997) (quoting *U.S. v. Chen* , 99 F.3d 1495, 1503 (9th Cir. 1996)). "The exception applies 'even where the attorney is unaware that his advice may further an illegal purpose.'" *Id.* (quoting *U.S. v. Laurins*, 857 F.2d 529, 540 (9th Cir. 1988)).

Here, PRIV_000059 and part of PRIV_000053 suggest that Defendant colluded to retaliate against Plaintiff by avoiding Defendant's legal obligation to contract with them under the QRF statute. There is evidence that Defendant (1) used the need for armed security guards as a pretext; and (2) used confusing language in the RFP to lead Plaintiff to believe that they did not have to bid to renew their existing parking garage contracts. This appears to be a concerted effort to circumvent the QRF statute. Based on the evidence and these two emails in the context of the email chain, there is reasonable cause to believe that Defendant utilized its attorneys' services in

furtherance of an ongoing unlawful scheme. The first portion of the email at PRIV_000053, however, is not subject to the crime-fraud exception. Therefore, Defendant may redact the text preceding the last sentence, producing only the portion beginning with "We have…"

## **CONCLUSION**

For the reasons above, PRIV_000059 and the last sentence of PRIV_000053 are subject to the crime-fraud exception. Defendant is ordered to produce the documents indicated to Plaintiff and provide a hard copy to the Court within 7 business days.

IT IS SO ORDERED.

DATED this 3rd day of July, 2019.

s/Michael J. McShane_____  
Michael McShane  
United States District Judge